JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01342-CJC(ANx)                              Date:  September 21, 2011

Title: UDR PINEBROOK, L.P. V. CANDICE LOVING

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Nancy Boehme | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                 None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

     Plaintiff UDR Pinebrook, L.P. filed this unlawful detainer action against Defendant Candice Loving in the Superior Court for the County of Orange on July 22, 2011, related to the property at 1555 Mesa Verde Drive East, #46-G in Costa Mesa. (Notice of Removal, Exh. A.)  On July 29, 2011, Ms. Loving answered the Complaint. (Notice of Removal, Exh. B.)  On August 25, 2011, a writ of possession was issued, which ordered Ms. Loving to vacate the premises by September 5, 2011.  (Notice of Removal, Exh. C.)  On September 6, 2011, Ms. Loving removed the action to federal court based on the civil rights removal statute and diversity jurisdiction.  (Dkt. No. 1.)

     A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action.  28 U.S.C. § 1441(b).  The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")  A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  Cases may also be removed to federal court if they are civil rights cases within the meaning of 28 U.S.C. § 1443.  If it appears that the district court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the Court must remand the action to state court.  28 U.S.C. § 1447(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01342-CJC(ANx)            Date: September 21, 2011
           Page 2

---

       This case appears to be a straightforward action for unlawful detainer, a state-law claim, brought against a California resident.  Nevertheless, Ms. Loving asserts that she was denied due process because she was evicted after foreclosure and therefore is entitled to removal under 28 U.S.C. § 1443(1).  (*See* Notice of Removal, at 2-3.)  Section 1443 provides that a civil action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States" may be removed to federal court.  28 U.S.C. § 1443(a).  However, the only facts Ms. Loving alleges are that there is no landlord/tenant relationship between the parties because, although Plaintiff claims that title to the property was extinguished by foreclosure and subsequent Trustee's sale, Plaintiff was not a bona fide purchaser.  (Notice of Removal, at 3.)  Ms. Loving further claims that she was "stonewalled" when trying to bring this fact to the court's attention.  (*Id.*)  But Ms. Loving has not submitted any evidence that Plaintiff was not the bona fide purchased or provided any specifics about how she was "stonewalled."  These facts do not tend to show that the California state court deprived Ms. Loving of her constitutional rights.

       Ms. Loving further attempts to invoke diversity jurisdiction.  In the Cover Sheet to her Notice of Removal, Ms. Loving has indicated that the basis of jurisdiction is diversity.  However, Ms. Loving has neither offered any evidence to establish diversity of citizenship nor any evidence that the case exceeds $75,000.  In fact, Ms. Loving checked on the Cover Sheet that both parties are citizens of California.  Plaintiff's Complaint also states on its face that the amount in controversy does not exceed $10,000. (Notice of Removal, Exh. A.)  The only challenge Ms. Loving offers is her statement, in uncertain terms, that the amount in controversy "includes up to, but is not limited to, an actuary exceeding $75,000." (Notice of Removal, at 3.)  Even if this conclusory statement is accepted at face value, Ms. Loving does not show that the jurisdictional amount necessarily *exceeds* $75,000.  Thus, there is no basis for diversity jurisdiction.[1]

       Therefore, the Court, on its own motion, hereby REMANDS this action to state court because the Court lacks subject matter jurisdiction.

jwp

MINUTES FORM 11
CIVIL-GEN                                                     Initials of Deputy Clerk nkb

---

[1] The Court further notes that Ms. Loving's removal papers are defective and incomplete.  Ms. Loving has not attached the full Complaint and the proof of service is unsigned.